IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **TRACY RENE JONES,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) **CIVIL ACTION NO.:** |
| vs. | ) |
| | ) |
| **COCA-COLA BOTTLING** | ) |
| **COMPANY UNITED, INC.,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## COMPLAINT

**COMES NOW,** the Plaintiff, **MS. TRACY RENE JONES** (hereinafter "Jones" or "Plaintiff"), and in support of her Complaint against Defendant, **COCA-COLA BOTTLING COMPANY UNITED, INC.** (hereinafter "Coke United" or "Defendant"), states her Complaint as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967, as amended (hereinafter the "ADEA"), 29 U.S.C. §§ 621, *et seq.,* and Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§ 2000e, *et seq.*

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. All the discriminatory practices alleged in this Complaint were committed within the State of Alabama. This action is brought within the state where the unlawful employment practices were committed, where the Plaintiff resides, and where there is no real property involved in the action, thereby making venue proper pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

4. Plaintiff Jones is a Caucasian female, over the age of 19 years, and a citizen of this District and Division. At the time of the discriminatory acts made the subject of this Complaint, Jones was 50 years of age. At the time of her unlawful termination, Coke United and its predecessor entities had employed Jones as a Business/Marketing Development Manager in its Scottsboro bottling facility for approximately 10 years. As such, Jones was an "employee" within the meaning of both the ADEA and Title VII.

5. Coke United is one of the largest privately held, independently owned bottling companies in the United States, employing more than 4900 employees in Alabama, Georgia, Tennessee, and Florida, including this District and Division. As such, Coke United is an "employer" within the meaning of the ADEA and Title VII.

## ADMINISTRATIVE PREREQUISITES

6. The Plaintiff has satisfied all administrative prerequisites to bringing her claims:

(a) On or about February 16, 2016, Jones filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") charging Coke United with age and gender discrimination. Plaintiff's Charge was filed within 180 days of the commission of the unlawful employment practices alleged in her Charge. A copy of Plaintiff's Charge is attached hereto as Exhibit "A."

(b) On or about April 13, 2017, the EEOC issued to Plaintiff a Notice of Right-To-Sue ("Notice"). Plaintiff received the Notice on or about April 14, 2017. A copy of Plaintiff's Notice is attached hereto as Exhibit "B."

(c) This Complaint is filed within 90 days of Plaintiff's receipt of the EEOC's Notice.

## THE FACTUAL ALLEGATIONS

7. In June 2014, Coke United acquired the assets of a predecessor entity then owning the facility in Scottsboro, Alabama, where Jones was employed. Coke United elected to continue Jones's employment in the same capacity as a Business/Marketing Development Manager with the same duties and responsibilities as the predecessor entity previously employed her.

8. As Business/Marketing Development Manager, Jones' duties and responsibilities included, among many other responsibilities, outreach services designed to enhance Coke United's reputation in the community. These outreach services included, but were not limited to, providing free product to certain entities or associations such as schools, churches, the Boy Scouts, and various other group sponsored civic events.

9. Coke United and its predecessor constantly received and honored requests for donations for free product, which Business/Marketing Development Managers such as Jones were expected to fulfill at their discretion as a function their duties and the Company's community outreach and marketing program.

10. Throughout her employment, Jones consistently performed the duties and responsibilities of her job in an exemplary fashion. Her periodic performance evaluations without exception met or exceeded her sales goals. Likewise, Coke United praised her for customer service and responsiveness, including her community service out-reach efforts. Indeed, in April 2015, just a few months before her wrongful termination, Coke United's district management recognized her exceptional performance by providing her an unprecedented raise of an approximately 7% increase in her base salary.

11. Despite her demonstrated performance, Coke United terminated Ms. Jones' employment on August 27, 2015, for allegedly violating company policy by

redirecting a duplicate delivery of ten free cases of Coke United product from Valley Head High School to the Fort Payne Chamber of Commerce. A common practice among similarly-situated younger and male Business/Marketing Development Managers, such as Nicole Copenhaver (a female approximately age 25) and Jon Bethune (a male approximately age 35). The manner in which Jones redirected the product on this occasion conformed completely with Coke United's past practice.

12.     Although, Coke United claims in its statement to the EEOC that "Ms. Jones was terminated because she falsified company documents and did not follow the Company's donation process/policy," this allegation is false and a pretext used to excuse Jones's termination. In fact, Coke United had no adopted donation process/policy that it communicated to Business/Marketing Development Managers like Jones at the time of her termination, and other younger, male Business/Marketing Development Managers were exercising the same discretion that Plaintiff exercised, with management's knowledge, and without receiving any disciplinary consequences, let alone being subjected to termination.

13.     During the investigation leading to the Coke United's decision to terminate Jones, Jones provided a statement from the Scottsboro Chamber of Commerce verifying its receipt of the free product designated for Coke-United's community out-reach program. Despite this verification, no written policy to the

contrary, an alleged progressive discipline policy, no prior record of conduct warranting discipline, and a well-established past practice of redirecting product designated as free to other civic entities such as the Fort Payne Chamber of Commerce, Coke United elected to terminate a loyal long-term employee.

14.     Moreover, Jones documented the redirection of the product in writing. Rather than request the delivery driver, Jeremy Thomas, to deviate from his usual route, she offered to accept delivery of the product and carry it to the Chamber of Commerce herself. Jones met and signed the bill of lading accepting delivery of the product, then, as the statement of the Chamber corroborates, personally delivered the free product to the Chamber.

15.     Coke United employs a written progressive discipline policy, which it failed and refused to follow in advance of Plaintiff's termination. Prior to her termination, Plaintiff received no written criticisms or other disciplinary action relating to her performance.

16.     Accordingly, Coke United's alleged justification for terminating Jones is objectively false and serves merely as a pretext for the real reason for her termination, which is age and/or gender discrimination in violation of the ADEA and/or Title VII.

17.     Since terminating Jones, Coke United posted Jones' position and hired a substantially younger, male employee to replace Jones.

18.     Coke United has a pattern and practice of employment discrimination, including age and gender discrimination in violation of the ADEA and Title VII.

## CLAIM I – ADEA
## AGE DISCRIMINATION

19.     Plaintiff incorporates by reference paragraphs one through eighteen as if fully set forth herein.

20.     Coke United discriminated against Plaintiff because of her age by terminating her employment for pre-textual reasons, while similarly-situated younger employees were allowed to and did take the same actions without fear of any disciplinary action by Defendant and, afterward, by replacing her with a less qualified younger employee.  In so doing, Coke United held Jones to a higher performance standard than other similarly-situated younger employees.

21.     As a proximate result of Coke United's unlawful conduct, Plaintiff has suffered, and continues to suffer lost wages and benefits and other damages.

22.     Coke United's acts, as set forth above, were willful, thus entitling Jones to reinstatement to her former position, back-pay and benefits, an award of liquidated damages, attorneys' fees, reasonable expenses and costs, and such other and further relief as the Court may deem appropriate.

## CLAIM II – TITLE VII
## GENDER DISCRIMINATION

23. Plaintiff incorporates by reference paragraphs one through twenty two as if fully set forth herein.

24. Coke United discriminated against Plaintiff because of her gender by terminating her employment for pre-textual reasons, while similarly-situated male employees were allowed to and did take the same actions without fear of any disciplinary action by Defendant and, afterward, by replacing her with a less qualified male employee.  In so doing, Coke United held Jones to a higher performance standard than other similarly-situated male employees.

25. As a proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer lost wages and benefits and other damages.

26. Coke United's acts, as set forth above, were willful, thus entitling Jones to reinstatement to her former position, back-pay and benefits, punitive damages, attorneys' fees, reasonable expenses and costs, and such other and further relief as the Court may deem appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the following relief:

(a) Grant the Plaintiff a declaratory judgment that the practices complained of herein are violative of the ADEA and Title VII;

(b) Grant the Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory practices on the basis of age or gender;

(c) Grant the Plaintiff the appropriate amount of back pay, loss of employment benefits, and other damages for the unlawful and discriminatory practices of the Defendant;

(d) Grant the Plaintiff an award of liquidated and/or non-pecuniary damages related to Defendant's willful violation of the ADEA and/or Titile VII ;

(e) Reinstate Plaintiff to the position she was holding prior to the unlawful discrimination or, in the alternative, award the Plaintiff front pay;

(f) Award the Plaintiff her costs and expenses, including a reasonable attorneys' fee; and,

(i) Award such other and further relief as may be permitted by statute, common law, or as the Court may deem to be just and proper.

**Plaintiff demands trial by struck jury.**

Respectfully submitted,

/s/ Andrew C. Allen
Andrew C. Allen  (ALL014)

Of Counsel:

Jessica Hayslip (HAY088)
**BURKE HARVEY, LLC**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama  35243
(205) 930-9091
aallen@burkeharvey.com
jhayslip@burkeharvey.com

**Plaintiff demands trial by jury on all claims so triable.**

/s/ Andrew C. Allen
Andrew C. Allen  (ALL014)

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

**4600 East Lake Blvd
Birmingham, Al  35217**